UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LISA D. HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:08-CV-64 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 11 and 12] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 15 and 16]. Plaintiff Lisa D. Hayes seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On July 8, 2005, the Plaintiff filed an application for supplemental security income, claiming disability as of July 1, 2005. [Tr. 79.] After her application was denied initially and also denied upon reconsideration, the Plaintiff requested a hearing. On September 11, 2007, a hearing was held before an ALJ to review determination of the Plaintiff's claim. [Tr. 357-74.] On October 26, 2007, the ALJ found that the Plaintiff was not disabled. The Appeals Council denied the Plaintiff's request for review; thus the decision of the ALJ became the final decision of the Commissioner.

Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ Findings**

The ALJ made the following findings:

> 1.   The claimant has not engaged in substantial gainful activity since July 8, 2005, the application date (20 C.F.R. §§ 416.920(b) and 416.971 *et seq.*).
>
> 2. The claimant has the following severe combination of impairments: back pain; chronic obstructive pulmonary disease (COPD); fibrocystic breast; gastroesophageal reflux disease (GERD); left eye vision deficit, and affective disorder (20 C.F.R. § 416.920(c)).
>
> 3.   The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work such as lift/carry 50 pounds on an "occasional" basis and 25 pounds on a "frequent" basis; and stand, walk, and/or sit for about 6 hours each, with normal breaks, during an 8 hour workday. She is precluded from being around temperature extremes, dust, odors, and gases. She has limited far acuity associated with the left eye. She has mild to moderate pain with mild to moderate loss of concentration. Additionally, she could understand and carry out simple and low-level detailed tasks with the ability to perform repetitive tasks, get along with others, and able to adapt at that level of functioning. Her mood could affect persistence, and concentration but during complex tasks. She has the ability to deal with the public during simple situations.
>
> 5. The claimant is capable of performing past relevant work as a kitchen helper. This work does not require

2

> the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 416.965).
>
> 6. The claimant has not been under a disability, as defined in the Social Security Act, since July 8, 2005 (20 C.F.R. § 416.920(f)), the date the application was filed.

[Tr. 12-20.]

## II. Disability Eligibility

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. <u>See</u> 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a

3

> continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III.    Standard of Review

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing

4

judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).

**IV.     Analysis**

On appeal, the Plaintiff argues that substantial evidence does not support the ALJ's disability determination. The Plaintiff contends the ALJ erred by failing to order consultative intelligence testing for the Plaintiff when evidence supported a possible finding of mild mental retardation. [Doc. 12.] The Commissioner contends that the ALJ was not required to order a consultative examination and his failure to do so is appropriate because it was unlikely that the test results coupled with the evidence in the record would lead to a finding that Plaintiff was disabled due to mental retardation. [Doc. 16.] The Plaintiff bears the burden of proving her entitlement to benefits. Boyers v. Sec. of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

As a preliminary matter, the Commissioner points out that Plaintiff has waived consideration of other issues by requesting remand solely on the mental retardation claim. [Doc. 16 at 4; Doc. 12 at 8.] The Plaintiff argues only that the ALJ erred by failing to order an intelligence test for Plaintiff, claiming that a score of 70 or below, combined with Plaintiff's other impairments, would allow her to qualify for disability benefits under 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05C. [Doc. 12 at 3.] Listing 12.05 states the following:

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and

a physical or other mental impairment imposing an additional and
significant work-related limitation of function.

According to 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.00A, a claimant must demonstrate the existence of the diagnostic description of mental retardation in the introductory paragraph of Listing 12.05 as well as one of the impairments listed in A, B, C, or D. For the Plaintiff to succeed in claiming disability under 12.05C, she would need to show three elements: a "significant subaverage general intellectual functioning with deficits in adaptive functioning initially manifested . . . before age 22," an IQ score of below 70, and an additional limiting impairment. Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001). The Commissioner contends that the ALJ's failure to order such an examination is not in error because the record does not show that Plaintiff meets the threshold requirement of adaptive deficits and subaverage intellectual functioning. [Doc. 16 at 5.]

Plaintiff claims that school records support a finding that she exhibited a significantly subaverage intellectual functioning prior to age 22. [Doc. 12 at 3.] Plaintiff submitted Knox County school records showing that she failed 1st grade and 2nd grade, was placed in "resource" classes during three years of schooling, and failed all of her classes in 9th grade, when she dropped out of school. [Tr. 122-27.] According to Plaintiff, the school records, coupled with the possible IQ score of 70 or less and "other severe impairments," would qualify her for benefits under Listing 12.05C. [Doc. 12 at 3.]

The Commissioner likens the requirement of Listing 12.05's introductory paragraph to a diagnosis of mental retardation and disagrees that these school records are sufficient evidence to establish "subaverage general intellectual functioning" prior to age 22. [Doc. 16 at 5-6.] The Commissioner contends instead that Plaintiff's poor grades could be attributed to an unstable home

6

life; Plaintiff was in foster care, had different guardians, and lived in a group home during various years of her schooling. [Tr. 122-27.] Furthermore, the Commissioner notes that the school records do not include any notations by teachers or administrators indicating a possibility of mental retardation due to Plaintiff's intellectual deficiencies and that Plaintiff's history of substance abuse and poor attendance may have affected her intellectual capabilities in the upper grades. [Doc. 16 at 8; Tr. 261.]

As 20 C.F.R. § 416.919a(b) explains, a "consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [the applicant's] claim." The plain language of the regulation indicates that the decision whether to order consultative examinations is firmly within the Commissioner's discretion, and thereby, ALJ's discretion. Further, the regulation plainly states that a consultative examination may be purchased when the evidence in the record is not a sufficient basis on which to make a final decision on the claim. Thus, in situations where the evidence in the record fails to support finding the presence of a threshold element, no consultative examination is necessary, because regardless of the results of the consultation, there is sufficient support to make the decision that the claim for supplemental security income fails.

As a threshold to supplement security income based upon mental retardation, the Plaintiff must demonstrate "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05. The ALJ found that the Plaintiff had moderate, not deficient, general and adaptive functioning and explained:

> In activities of daily living, the claimant has moderate restriction. This generally encompasses general adaptive activities such as cleaning, shopping, cooking, taking public transportation, driving an

7

>            automobile, paying bills, maintaining a residence, caring
>            appropriately for grooming and hygiene, using telephones, using
>            simple household appliances, using small tools, and other self-care
>            activities. (Listing of Impairments, § 12.00(C)(1)). In this case, all
>            of the pertinent exhibits have been reviewed and the claimant's
>            testimony has been fully considered. The overall record fails to show
>            any evidence of significant deficits in daily functioning due to mental
>            disorders. The claimant reported that she was still capable of taking
>            care of her personal grooming, performing simple household chores,
>            and simple cooking. Further, she reports to her therapist, at a local
>            mental health facility, that she and her husband make financial
>            decision[s] together. She reported that she uses the phone, and has
>            contacted a television show to help her locate her adopted children
>            that [were] taken from her during her substance abuse years, which
>            is now in reported remission. Also, she cares for her disabled
>            husband, and her step-grandchildren (Exhibit F, pages 1-128, 179-
>            186).

The above evidence and observations support a finding that, regardless of any other evidence, the Plaintiff has not displayed the "significantly subaverage general intellectual functioning with deficits in adaptive functioning" that is a condition precedent to a successful supplemental income claim under Listing 12.05.

Even assuming there is evidence that the Plaintiff is functioning at deficient levels, the record does not support Plaintiff's contention that difficulty in schooling demonstrates adaptive deficits and a subaverage intellect prior to age 22. The records available are measures of scholastic achievement and provide little insight into the Plaintiff's intellectual functioning, given the plethora of domestic and familial distractions the Plaintiff was enduring at the time. Specifically, the Plaintiff's scholastic records from seventh and eighth grade show that the Plaintiff was able to make passing grades in the majority of her classes. [Tr. 349.] However, the number of days Plaintiff was present at school decreased significantly from 77-97 days in seventh and eighth grade to 65-76 days in ninth grade. [Tr. 349-50.] These absences, likely attributable to troubles at home, coupled with the other issues in the Plaintiff's life at the time appear to be the source of Plaintiff's failure to perform

8

academically, because her prior school records indicate that the Plaintiff had the intellectual ability to perform at an acceptable, though not stellar, academic level. Further, the Court notes that these records provide almost no insight into the Plaintiff's adaptive functioning prior to age 22—the other prong of Listing12.05, which the ALJ specifically noted was not supported by the evidence in record.

Because the Plaintiff cannot pass the threshold requirement to demonstrate mental retardation in Listing 12.05, the ALJ's decision not to order a mental evaluation is supported by substantial evidence. The Plaintiff would be unable to prove disability regardless of the results of the consultative examination.

## V. Conclusion

Accordingly, the Court finds that the ALJ properly reviewed and weighed the evidence to determine that a consultative intelligence test would be unnecessary. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[1] that Plaintiff's Motion For Summary Judgment [Doc. 11] be **DENIED** and that the Commissioner's Motion for Summary Judgment [Doc. 15] be **GRANTED**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).