UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LISA D. HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-64 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This social security appeal is before the Court for consideration of plaintiff's objections [Doc. 19] to the Report and Recommendation ("R&R") filed by United States Magistrate Judge C. Clifford Shirley [Doc. 18]. Magistrate Judge Shirley found that the Administrative Law Judge ("ALJ") properly reviewed and weighed all of the evidence to determine that a consultative intelligence test would be unnecessary and that substantial evidence supports the ALJ's findings and conclusions. Accordingly, Magistrate Judge Shirley recommended that plaintiff's motion for summary judgment [Doc. 11] be denied and that defendant's motion for summary judgment [Doc. 15] be granted.

**I. History of the Case**

Plaintiff filed an application for supplemental security income benefits with the Social Security Administration which was denied both initially and upon reconsideration. Plaintiff requested a hearing to review the denial of her claim, which was heard by an Administrative Law Judge ("ALJ") on September 11, 2007. On October 26, 2007, the ALJ issued his

decision finding that plaintiff was not disabled. Plaintiff appealed the ALJ's decision but the Appeals Council denied plaintiff's request for review and thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff filed a complaint before this Court for judicial review of the Commissioner's decision [Doc. 3]. The parties filed cross-motions for summary judgment [Docs. 11, 15], on which Magistrate Judge Shirley issued his R&R [Doc. 18].

## II. Standard of Review

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). In engaging in *de novo* review, the Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If substantial evidence supports Commissioner's decision, it is irrelevant whether the record could support a decision in the

2

plaintiff's favor or whether the Court would have decided the case differently. *Id.*; *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

## III.  Analysis

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court has undertaken a *de novo* review of those portions of the R&R to which plaintiff specifically objects. In considering the plaintiff's objections to Magistrate Judge Shirley's determination, the Court has independently reviewed the entire record, including the R&R and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff claims that the ALJ erred by failing to order a consultative examination for IQ testing. Plaintiff makes two specific objections to the R&R: (1) that the Magistrate Judge failed to address the ALJ's conclusion that plaintiff worked in mentally challenging jobs; and (2) that the Magistrate Judge impermissibly provided a *post hoc* rationale for the ALJ's determination. The rest of plaintiff's arguments are the same arguments she made before the Magistrate Judge and, accordingly, they are not specific objections and they will considered waived. *See Byrd v. Astrue*, 2008 WL 4327006 (E.D. Tenn. Sept. 16, 2008) ("[I]f the objections merely restate the party's arguments raised in the motion for summary judgment and addressed by the magistrate judge, the Court may deem the objections waived.").

### A.  Plaintiff Worked in Mentally Challenging Jobs

Plaintiff asserts that the main reason the ALJ gave for not ordering a consultative examination for IQ testing is that, since her poor performance in school, plaintiff has worked

3

in mentally challenging jobs. Plaintiff states that the ALJ determined that she worked mentally challenging jobs without rationale or citation and that, contrary to this conclusion, her work history is consistent with mild mental retardation. Plaintiff notes that the R&R is silent on the ALJ's conclusion. The Court views this as an objection to the R&R's failure to recommend overturing the ALJ's decision not to order a consultative examination on the basis that there is not substantial evidence to support the conclusion that she worked mentally challenging jobs.

Plaintiff's work history reveals that she held several positions as a cashier at many retail stores including Weigel's gas station, Dollar General, Family Dollar, Blind Thrift Store, Favorite Market, Taco Bell, and Stop and Go. [Tr. 88.] She also worked in a position sorting clothes and another position as a kitchen helper at Shannondale Nursing Home. [*Id.*] The length of plaintiff's employment in these positions ranged from one month to two years. [*Id.*] Plaintiff described her duties in at least one of these positions, presumably one of the cashier positions, as running the cash register and stocking the cooler. [Tr. 90; *see also* 366.] In another position, presumably her position as a kitchen helper, she worked in the kitchen putting food on trays, washing dishes, and taking food to patients. [Tr. 89; *see also* 366-67.] During the hearing, plaintiff testified that she was fired from several of these jobs because she could not correctly perform the required tasks and was too slow. [Tr. 366-67.]

The ALJ considered all of this evidence and concluded that plaintiff "has worked since her school years in mentally challenging jobs." [Tr. 18.] Though an argument can be made that plaintiff's statements at the hearing regarding her work performance show that she

4

could not handle her work duties, a reasonable mind could accept the evidence in the record as adequate to support the conclusion that plaintiff worked mentally challenging jobs. Though plaintiff's jobs paid minimum wage and were part-time, it is reasonable to conclude that they required a range of tasks from counting money, interacting with people, preparing food for service, restocking items for sale. Accordingly, the ALJ's finding that plaintiff held mentally challenging jobs is supported by substantial evidence based upon the record as a whole and thus, the Court will not disturb the ALJ's conclusion.

### B. Post Hoc Rationalization for the ALJ's Determination

Plaintiff argues that because the ALJ did not mention Listing 12.05 or "adaptive functioning prior to age 22," the Magistrate Judge was not permitted to conclude that the ALJ's failure to order IQ testing was proper because plaintiff failed to meet the threshold requirements for a finding of disability under of Listing 12.05.

Plaintiff attempted to support her request for a consultative examination for IQ testing stating her school records showing that she failed First and Second Grades and was placed in resource classes demonstrated that she "had significantly limited intellectual functioning as a child and may qualify for benefits under Rule 12.05C." [Tr. 356.] The ALJ stated that he was "not persuaded by such argument that a psychological consultative examination is warranted for IQ testing given the fact that she has worked since her school years in mentally challenging jobs." [Tr. 18.]

To get to the step where a plaintiff's IQ is relevant for analysis under Listing 12.05, the ALJ must first find that a plaintiff has "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.00A; 12.05. Thus, psychological consultative examination for IQ testing is only warranted if this first step is met.

Plaintiff is correct that the ALJ did not expressly mention Listing 12.05. However, the ALJ noted that he did not find that a psychological consultative examination for IQ testing was warranted because the evidence of plaintiff's work history showed she could handle some mental challenges. Mental capability and IQ score are only relevant to Listing 12.05, entitled Mental Retardation, and not Listing 12.04, entitled Affective Disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.04; 12.05. Accordingly, the Court determines that the ALJ's reference to IQ testing shows that he considered whether plaintiff met the threshold requirement to be eligible for benefits under Listing 12.05, that is, significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, and concluded that she did not. Accordingly, the Magistrate Judge did not engage in a *post hoc* rationalization of the ALJ's conclusion.

**VI.	Conclusion**

Finding no error in the R&R, the Court will overrule plaintiff's objections [Doc. 19]; accept in whole the R&R [Doc. 18]; deny plaintiff's Motion for Summary Judgment [Doc. 11]; grant defendant's Motion for Summary Judgment [Doc. 15]; affirm the Commissioner's decision in this case denying plaintiff's application supplemental security income benefits; and dismiss this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
